**UNITED STATES ex rel. GOLDSCHMIDT v. SUTHERLAND, Alien Property Custodian, et al.**

**No. 5373.**

Court of Appeals of the District of Columbia.

Argued May 4, 1931.

Decided June 29, 1931.

Spier Whitaker, of New York City, and Lawrence A. Baker and Henry Ravenel, both of Washington, D. C., for appellant.

H. B. Cox, of New York City, for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District of Columbia dismissing appellant's petition for a writ of mandamus to compel the defendants to pay petitioner the sum of $10,236.74, which it was alleged should have been paid to appellant, together with other moneys, on allowance of appellant's claim for return of money and other property seized by the Alien Property Custodian under the provisions of the Trading with the Enemy Act.

It appears that the petitioner is a German corporation, and as such was an enemy of the United States within the contemplation of the provisions of the Trading with the Enemy Act of October 6, 1917, 40 Stat. 411 (50 USCA Appendix § 1 et seq.). Petitioner was paid the sum of $10,000 under the provisions of Act March 4, 1923, 42 Stat. 1511.

Under the provisions of the Act of Congress of March 10, 1928, § 14, 45 Stat. 254, 272 (50 USCA Appendix § 9 (m), known as the Settlement of War Claims Act, petitioner was entitled to a return of 80 per cent. of the property seized upon consent in writing to the postponement of the return of 20 per cent of such property, as provided in the act. The Alien Property Custodian accordingly returned to petitioner 80 per cent. of the balance of the property seized, less certain amounts deducted therefrom to pay taxes duly assessed against said property, and an additional amount which was deducted on account of expenses of the Alien Property Custodian in the collection and administration of said funds. The amount deducted for taxes is not contested. The claim here asserted is for the amount deducted on account of expenses in the collection and administration of the funds, or an amount equivalent to 2 per cent of the property belonging to the petitioner and administered upon by the Alien Property Custodian, together with income accrued thereon.

The sole question involved is the power of the Alien Property Custodian to retain from petitioner's allowance 2 per cent. to cover the expenses of administration. At the outset we are confronted with a question of jurisdiction. The act in terms limits the relief of any claimant to the remedy provided in the act. It likewise provides that the money or property in the hands of the Alien Property Custodian "shall not be liable to lien, attachment, garnishment, trustee process, or execution, or subject to any order or decree of any court."

These provisions of the statute are jurisdictional and restrict the petitioner's right to proceed in any other manner or form of action than that expressly provided by section 9 (a) as amended by section 1 of the 1923 Act (50 USCA Appendix, § 9 (a), which, among other things, provides that any person not an enemy or ally of enemy claiming any interest, right, or title in any property which may have been seized by the Alien Property Custodian and held by him under the provisions of the act "may institute a suit in equity in the Supreme Court of the District of Columbia or in the district court of the United States for the district in which such claimant resides, * * * to establish the interest, right, title, or debt so claimed, and if so established the court shall order the payment, conveyance, transfer, assignment, or delivery to said claimant of the money or other property so held by the

608

Alien Property Custodian or by the Treasurer of the United States or the interest therein to which the court shall determine said claimant is entitled."

We think under the provisions of the act a suit in equity is the only remedy open to a claimant where an interpretation of the provisions of the act is involved, or where issues of fact are to be determined as establishing the basis of the claim. Under section 24 of the Act, as added by section 2 of the 1923 act (50 USCA Appendix § 24 (a), the Alien Property Custodian is not only authorized to pay all taxes lawfully assessed against the property held by him, but "to pay the necessary expenses incurred by him or by any depositary for him in securing the possession, collection, or control of any such money or other property, or in protecting or administering the same. Such taxes and expenses shall be paid out of the money or other property against which such taxes are assessed or in respect of which such expenses are incurred."

This implies authority on the part of the Alien Property Custodian to retain sufficient funds from the specific property to meet the expenses of its administration. Whether that amounts to 2 per cent. or more or less, is an issue of fact to be determined, an issue which cannot be determined in this case. On the other hand, interpretation of the statutes may be necessary to determine whether or not the above implication is correct, whether indeed the Alien Property Custodian has the right to deduct any amount whatever to cover the expense of administration. These are matters involving adjudication which cannot be determined in a proceeding for mandamus; hence we think it clear that the petitioner is relegated to the remedy provided by statute, namely, a proceeding in equity in the proper court for the determination of his rights.

The judgment is affirmed.