## HAWLEY
## v.
### BROWNELL, Atty. Gen. of United States, et al.
### No. 11802.

United States Court of Appeals District of Columbia Circuit.

Argued April 7, 1954.

Decided April 29, 1954.

Mr. Robert H. McNeill, Washington, D. C., with whom Mr. T. Bruce Fuller, Washington, D. C., was on the brief, for appellant. Mr. Harry M. Ussery, Washington, D. C., entered an appearance for appellant.

Mr. George B. Searls, Attorney, Department of Justice, Washington, D. C., for appellees.

Before CLARK, PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a suit to compel the Alien Property Custodian to return to the plaintiff, who is our appellant, certain interests in property vested by the Custodian. The action is brought, according to the complaint, under Sections 9(a) and 32(a) of the Trading with the Enemy Act.[1] The District Court granted summary judgment for the defendant and dismissed the complaint.

It seems plain that the complaint, viewed as a suit pursuant to Section 9, was barred by the statute of limitations. Section 33 of the Act provides that no such suit may be instituted after April 30, 1949, or after two years from the date of the vesting by the Custodian, whichever may be later. The vesting order here involved was effective November 25, 1943. The complaint was filed November 25, 1952. The statute excludes from the two-year period after vesting any period during which there was pending a claim for the return of the property. But the only document which could be treated as a notice of claim was a letter dated October 16, 1946, which

1. As amended, 50 U.S.C.A.Appendix, §§ 9 (a), 32(a).

was after the two years from the date of vesting had expired.

■ Section 32 does not provide for a judicial review of action taken by the President or such officer or agency as he may designate. Section 9(a) provides a judicial remedy, and Section 7(c) provides that that shall be the sole remedy. The Supreme Court and this court have affirmed this interpretation.[2] In McGrath v. Zander[3] this court, besides holding that Section 9(a) provides the only judicial remedy for reclaiming vested property, held that action by the Custodian under Section 32 is discretionary and that judicial review of denial of a claim under Section 32 is precluded by the provisions of Section 7(c) of the Act.

■ Petitioner says that the action of the Custodian upon the claim under Section 32 was arbitrary and capricious and that therefore injunctive action will lie even without statutory permission. We need not pass on the validity of this approach, as it is clear that in the instant case the action taken was not arbitrary or capricious. Subparagraph (a)(2)(D) of Section 32 excludes an allowance to an individual who was at any time after December 7, 1941, a citizen of Germany and prior to March 8, 1946, was present in Germany. This appellant was a native-born citizen of Germany who lived in that country from 1895 to 1951, except for one short visit to the United States. She devotes considerable effort to disproving the applicability of (C), based upon residence, in this subparagraph of the statute, but the effort even if successful would be of no avail, because, as we have indicated, (D), which is based upon citizenship and presence, applies to her. She attempts to bring herself within an exception (which appears in somewhat similar form in both (C) and (D) of the subparagraph) in the statute by claiming that she was deprived of liberty or the full rights of citizenship as a consequence of laws, decrees or regulations discriminating against political, racial or religious groups. But the examiner found no substance in these claims, and in the light of the materials before us we see nothing arbitrary or capricious in his holding. We note, without reaching any question concerning its construction or application, Section 39 of the Trading with the Enemy Act, adopted by the Congress July 3, 1948. The section was discussed and construed by the Supreme Court in Guessefeldt v. McGrath.[4] The present case is, as we have indicated, disposed of under Section 32.

The judgment of the District Court is Affirmed.

2. Clark v. Uebersee Finanz-Korp., 1947, 332 U.S. 480, 68 S.Ct. 174, 92 L.Ed. 88. See United States ex rel. Goldschmidt v. Sutherland, 1931, 60 App.D.C. 279, 51 F.2d 607, certiorari denied, 1931, 284 U.S. 667, 52 S.Ct. 42, 76 L.Ed. 565; Cummings v. Hardee, 1939, 70 App.D.C. 18, 102 F.2d 622, certiorari denied Hardee v. Murphy, 1939, 307 U.S. 637, 59 S.Ct.

1033, 83 L.Ed. 1518; Pflueger v. United States, 1941, 73 App.D.C. 364, 121 F.2d 732, certiorari denied, 1941, 314 U.S. 617, 62 S.Ct. 98, 86 L.Ed. 497.

3. 1949, 85 U.S.App.D.C. 334, 177 F.2d 649.

4. 1952, 342 U.S. 308, 72 S.Ct. 338, 96 L. Ed. 342.