Conrad BANTEL, Helene Lieb, Wilhelm Nagel, Berta Spengler, Appellants,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, and Ivy Baker Priest, Treasurer of the United States, Appellees.

No. 13146.

United States Court of Appeals
District of Columbia Circuit.

Argued May 14, 1956.

Decided June 7, 1956.

Mr. George Eric Rosden, Washington, D. C., for appellants.

Mr. Irwin A. Seibel, Attorney, Dept. of Justice, with whom Mr. George B. Searls, Attorney, Dept. of Justice, was on the brief, for appellees.

Messrs. Leo A. Rover, U. S. Atty., at the time record was filed, Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., also entered appearances for appellees.

Before EDGERTON, Chief Judge, and PRETTYMAN and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a suit arising under the Trading With the Enemy Act, 50 U.S.C.A. Appendix, § 1 et seq. (1952). The complaint seeks return of vested property under Section 9(a) of that Act, or in the alternative a mandatory injunction and

declaratory judgment.[1] The District Court dismissed the complaint, and this appeal followed.

 Plaintiffs-appellants are and always have been citizens and residents of Germany, and hence as former enemies are prima facie barred from relief under Section 9(a) by the express language of that section. They argue, however, that General License No. 94, as amended on March 4, 1947 (12 Fed.Reg. 1457), made them "licensees" and removed them from the "enemy" category under Section 9(a). This, they say, had the double effect of preventing the Attorney General from thereafter vesting their property,

and of permitting them to sue under Section 9(a). We cannot agree. General License No. 94, as amended, certainly does not so provide in terms, and nothing in its background or necessary effect indicates that it should be given the construction appellants urge.[2]

The relief sought as an alternative to Section 9(a) relief cannot be granted: that section "provides the only judicial remedy for reclaiming vested property * * *." Hawley v. Brownell, 1954, 94 U.S.App.D.C. 104, 215 F.2d 36. The judgment of the District Court, dismissing the complaint, must therefore be

Affirmed.

1. Certain property was placed with a Colorado bank in trust for appellants and others on April 6, 1934, by revocable deed of that date, subject to a life estate in the settlor. By amendment dated April 14, 1947, the instrument was modified so as to increase appellants' share, and to remove a condition (added by earlier amendment) that if at the settlor's death relations between the United States and Germany precluded direct payment to appellants, the trust should continue until direct payment became possible. The settlor died in 1950, and the Government vested appellants' interest on May 24, 1951. Appellants had an interest in the trust property at all times since April 6, 1934: certainly they had an interest on December 31, 1946. Cf. H.J.Res. 289, 65 Stat. 451 (1951), 50 U.S.C.A.Appendix preceding section 1 note.

2. General License No. 94, as amended on March 4, 1947, provides in pertinent part: "(a) *Blocked countries generally licensed subject to certain conditions.* A general license is hereby granted licensing all blocked countries and nationals thereof (excepting the following countries and nationals thereof: Portu-

gal, Spain, Sweden and Tangier) to be regarded as if such countries were not foreign countries designated in the order, *Provided,* That

"(1) Any property in which on the effective date hereof any of the following had an interest: (i) any blocked country (including countries licensed hereby) or person therein; or (ii) any other partnership, association, corporation, or other organization, which was a national of a blocked country (including countries licensed hereby) by reason of the interest of any such country or person therein; or

"(2) Any income from such property accruing on or after the effective date hereof shall continue to be regarded as property in which a blocked country or national thereof has an interest and no payment, transfer, or withdrawal or other dealing with respect to such property shall be affected under, or be deemed to be authorized by, this paragraph."

Appellants would have us ignore not only the relatively narrow purpose of General License No. 94 but also the proviso just quoted. As to Germany and its nationals, the effective date of General License No. 94, as amended, was December 31, 1946.