**Werner C. Von CLEMM et al.**

**v.**

**Romana Acosta BANUELOS, Treasurer of the United States, et al.**

**Civ. A. No. 73–883–C.**

United States District Court,
D. Massachusetts.

Nov. 8, 1973.

Charles B. Swartwood, III, Mountain, Dearborn & Whiting, Worcester, Mass., for plaintiffs.

Harlington Wood, Jr., Asst. Atty. Gen., Civ. Div., Bruno A. Ristau, Atty., U. S. Dept. of Justice, Washington, D. C., James N. Gabriel, U. S. Atty., Robert B. Collings, Asst. U. S. Atty., for defendants.

## OPINION

CAFFREY, Chief Judge.

This is a civil action in which plaintiffs seek an order of this Court compelling the Attorney General of the United States to decide whether plaintiffs were title owners of certain property immediately prior to its vesting in the Government of the United States over 30 years ago pursuant to the provisions of the Trading with the Enemy Act, 50 U.S.C. App. § 1. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1361, and under 5 U.S.C. §§ 702, 704 and 706.

Plaintiff Werner C. Von Clemm is presently a resident of Marion, Massachusetts. Plaintiff Rayford W. Alley is Trustee under a declaration of trust for the benefit of Von Clemm's children. Bridge Import Company is a partnership formed in 1941 under the laws of the State of New York, in which Von Clemm owns a 75 per cent interest and is the general partner, and Alley in his capacity as Trustee holds a 25 per cent interest and is a special partner.

The complaint alleges that in the period 1942 through 1945, by Vesting Orders numbered 352, 353, 354, 4754, 4755 and 7611, certain properties were vested in the Alien Property Custodian in accordance with Section 5(b) of the Act. These properties allegedly were later liquidated for a sum in excess of $1,300,000.

The matter came before the Court on defendants' motion to dismiss or in the alternative for summary judgment. An affidavit on file in the case by Bruno A. Ristau, Attorney, Civil Division, U. S. Department of Justice, establishes the following historical facts which have not been controverted by any document filed by plaintiffs.

In April 1942, plaintiff Von Clemm and others, including members of the German high command, were indicted by a federal

grand jury in New York for conspiracy to import into the United States diamonds which were cut in Holland or Belgium under false declarations that they were cut in Germany, and to cause the diamonds to be paid for without obtaining the requisite Treasury licenses therefor. This conduct was proscribed by the Trading with the Enemy Act, as amended, 50 U.S.C. App. § 1, and by executive orders promulgated thereunder. Von Clemm was convicted of the offense charged and was fined and sentenced to a prison term. His conviction was affirmed by the Court of Appeals for the Second Circuit. United States v. Von Clemm, 136 F.2d 968 (2 Cir. 1943), cert. denied 320 U.S. 769, 64 S.Ct. 81, 88 L.Ed. 459.

Acting under authority granted to him by Section 5(b) of the Act, 50 U.S.C. App. § 5(b), the Alien Property Custodian, between November 11, 1942 and September 11, 1945, vested certain shares of stock, uncut diamonds, and a number of synthetic and semi-precious stones, upon a finding by the Custodian that this property was owned directly or beneficially by enemy nationals.

The Attorney General of the United States became the successor to the Alien Property Custodian by reason of Executive Order No. 9788 dated October 15, 1946, and the functions of the office of Alien Property Custodian were transferred at that time to the Department of Justice.

Section 9(a) of the Act, 50 U.S.C. App. § 9(a), authorizes individuals and legal entities who are not an "enemy" as defined in the Act, to seek administrative return of property vested by the Custodian or, in the alternative, to bring a suit in equity in a federal district court to recover the property or the proceeds thereof.

Section 32(a) of the Act, 50 U.S.C. App. § 32(a), authorized the Custodian to return administratively property vested during World War II to certain classes of individuals or legal entities who were ineligible to seek a return of their claimed property under Section 9(a) of the Act if the Custodian determined that the

following conditions were met: (1) that the claimant was the owner of the property in question prior to its vesting; (2) that he was not a member of several excluded classes defined in the Act; (3) that the property was not used pursuant to a "cloaking" arrangement whereby the interest of an ineligible person in the property was concealed; (4) that there was no danger of liability in respect of the property attaching to the Custodian under the renegotiation statutes; and (5) that "such return is in the interest of the United States."

Shortly after World War II, the plaintiff Alley commenced an action against the Attorney General in the federal court in New York, seeking an order for the return of the properties under Section 9(a) of the Act. Alley brought the suit in his capacity as limited partner of plaintiff Von Clemm in the Bridge Import Company. The United States District Court for the Eastern District of New York dismissed the action on the grounds that under New York law a limited partner has no property right in partnership assets and that, consequently, Alley had no standing to sue under the Act for the return of the property. Alley v. Clark, 71 F.Supp. 521 (E.D.N.Y. 1947).

Beginning in 1949, approximately 40 administrative claims were filed with the Office of Alien Property by numerous claimants, including both of the plaintiffs in this action and the United States Bureau of Customs. These claims were consolidated for hearing and determination under the Rules of the Office of Alien Property, 8 C.F.R., Part 502, and referred to a hearing examiner of that office. In the Matter of Forty Consolidated Claims, O.A.P., Docket No. 183.

Hearings on all claims were begun in November 1955 and continued through July 1956. The transcript of the testimony, which ran to some 7,000 pages and 1,300 exhibits, totaling in excess of 15,000 pages of documentary evidence, was admitted and became part of the records. The parties filed 35 preliminary and 46 final and supplemental briefs through

February 1959. In April 1959, the hearing examiner filed proposed findings of fact consisting of 176 pages, plus opinions and conclusions, as required by 8 C.F.R. § 502.22. He recommended the return of the proceeds from the sale of the vested properties to claimants other than the instant plaintiffs.

While these recommendations were awaiting review by the Director of the Office of Alien Property and by the Attorney General, the instant plaintiffs commenced an action in the United States District Court for the Southern District of New York under Section 9(a) of the Act, naming as respondents the Treasurer and the Attorney General of the United States. This action in New York sought a return of the vested property to plaintiffs. The Act provides that prior to the completion of administrative action, such a suit may be instituted by non-enemies. It further provides that the suit is to be independent of any administrative action taken and requires the Court to make a plenary *de novo* adjudication of controverted issues. During the pendency of this suit all administrative proceedings in the Office of Alien Property were stayed. After a trial, which lasted approximately six weeks, the Court for the Southern District of New York found that Von Clemm was an "enemy" within the meaning of the Act, by reason of his being an agent of the German government up until the declaration of war between Germany and the United States. The Court further found that plaintiff had not established that he ceased to act on behalf of the German government after the outbreak of hostilities. Accordingly, the Court dismissed the action. Von Clemm v. Smith, 255 F.Supp. 353 (S.D.N.Y. 1965). The Court of Appeals for the Second Circuit affirmed, 363 F.2d 19 (2 Cir. 1966), and a petition for writ of certiorari was denied, 385 U.S. 975, 87 S.Ct. 502, 17 L.Ed.2d 438.

The claim proceedings, which had been stayed in the Office of Alien Property pending the outcome of the case filed in the Southern District of New York, were resumed in 1969. A motion was made by the Chief of the Claims Section of the Office of Alien Property, pursuant to 8 C.F.R. § 502.105 of the Rules of Procedure for Claims, for dismissal of the claims filed by Von Clemm and Alley, on the ground that a return of property to them would not be "in the interest of the United States," within the meaning of Section 32(a)(5) of the Act. Because of the provisions of 8 C.F.R. § 502.105 (b), the hearing examiner had made no recommendation on the question of national interest, which was an issue that had not been dealt with in the lengthy administrative proceedings referred to above.

On December 3, 1970, pursuant to an order of the Acting Director of the Office of Alien Property, oral argument on the question of national interest was held. Plaintiff Von Clemm appeared on that date on behalf of Alley and himself, and on December 15, 1970 and on February 4, 1972, plaintiff submitted to the Office of Alien Property post-hearing memoranda which were made part of the record.

Because the claims of plaintiff exceeded the sum of $50,000 in value, they were claims which must be brought to the personal attention of the Attorney General under the provisions of 8 C.F.R. § 502.2 (h). The record of the proceedings on the "national interest" question was transmitted by the Acting Director of the Office of Alien Property to the Attorney General for his consideration on March 5, 1971. On March 22, 1971, the Attorney General issued an order disallowing and dismissing plaintiffs' administrative claims. The order provided as follows:

### ORDER OF DISALLOWANCE

The above-noted claims for the return of vested property are asserted pursuant to Section 32 of the Trading with the Enemy Act, as amended (50 U.S.C. App. 1 et seq.).

Section 32(a)(5) provides that vested property shall not be returned unless it is determined that such return is in the interest of the United States.

It having been determined that a return of the claimed property to Werner von Clemm, S.A. pour l'Achat de Valeurs Hypothecaires (SAPAVAH) and/or Rayford W. Alley, Trustee, would not be in the interest of the United States.

IT IS ORDERED that the above claims for the return of vested property be and are hereby dismissed and disallowed under Section 32 of the Act (8 CFR 502.105).

The instant action was filed in this court on March 23, 1973. *Inter alia,* plaintiffs allege that the Attorney General's refusal, under Section 32 of the Act, to return their property violates their due process rights under the Fifth Amendment. Plaintiffs also allege that Section 32(a)(5) of the Act, which authorizes the Attorney General to make a determination that the return of the property is not in the national interest, is an unlawful delegation of legislative authority to the Attorney General.

On April 23, 1973, defendants filed a motion to dismiss under Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction of this court over the subject matter, and under Rule 12(b)(6) of the Federal Rules for failure to state a claim upon which relief can be granted. In the alternative, defendants filed a motion for summary judgment under Rule 56. In support of their motion to dismiss for lack of subject matter jurisdiction, defendants urge that Section 10 of the Administrative Procedure Act, 5 U.S.C. § 701, is not applicable where statutes specifically preclude judicial review or where agency action is committed to administrative discretion. Section 7(c) of the Trading with the Enemy Act expressly limits judicial review to those claims filed pursuant to Section 9(a) of that Act. There is no provision for judicial review of administrative determinations made on those claims filed pursuant to Section 32(a) of the Act. Consequently, the defendants assert that this Court lacks jurisdiction to review the Attorney General's decision.

Plaintiffs seem to concede that the Administrative Procedure Act forbids judicial review of the Attorney General's decision on the merits, but contend that Section 10 of the Administrative Procedure Act is not applicable to claims of unconstitutionality. The Administrative Procedure Act precludes judicial review of agency action (1) where statutes expressly so provide, and (2) where agency action is committed to agency discretion by law, 5 U.S.C. § 701 (a).

A reading of the Trading with the Enemy Act establishes the proposition that both of the two grounds which forbid judicial review of agency action are contained in that Act. Section 7(c) of the Act provides:

"The sole relief and remedy of any person having any claim (to property in the custody of the Alien Property Custodian or his successors) shall be that provided by the terms of this Act."

The Act actually confers two separate and mutually independent methods of seeking relief to aggrieved claimants. Legerlotz v. Rogers, 105 U.S.App.D.C. 256, 266 F.2d 457, 459 (1959); McGrath v. Zander, 85 U.S.App.D.C. 334, 177 F.2d 649 (1949). These two different remedies are established by Section 9(a) and Section 32(a) of the Act. Section 9(a) provides that a person who is not an enemy or an ally of an enemy may seek the return of property seized by the Alien Property Custodian, either by making an administrative claim for the return of the property or by instituting a bill in equity in a federal district court for a *de novo* determination of the claim. Plaintiffs have already unsuccessfully resorted to the procedures provided by Section 9(a) in the litigation conducted in the federal courts of New York. Hence, there is no occasion for this Court to give any further consideration to any claims under that Section of the Act.

Section 32(a) of the Act provides that persons who have been classified as enemies or allies of enemies may, neverthe-

less, seek administrative relief if certain conditions are met. The legislative history indicates that the purpose of this provision in Section 32(a) is to afford an avenue of relief to persons who were only technically enemies or allies of enemies under the Act, and who were deprived of their property by that technical status. Thus, Section 32(a) authorizes the Attorney General, in his discretion, to return property seized from those persons whom he considers were not, in fact, enemies or allies of enemies of the United States, and as to whom permanent deprivation of property would amount to an injustice. It would appear that the congressional intent in enacting Section 32(a) was to provide the Attorney General with an opportunity to obviate harsh and mechanical operation of the Act in situations where strict application of the Act would be inequitable. McGrath v. Zander, *supra*. The Supreme Court of the United States has passed on the constitutionality of Section 32(a) and has interpreted the section as precluding any judicial review of determinations made thereunder. Schilling v. Rogers, 363 U.S. 666, 80 S. Ct. 1288, 4 L.Ed.2d 1478 (1960). There, the Court stated, at p. 674, 80 S.Ct. at p. 1294:

"The conclusion which the history of § 32 impels is confirmed by the text of the section and other provisions of the Act. The absence of any provision for recourse to the courts in connection with § 32(a) return claims contrasts strongly with the care that Congress took to provide for and limit judicial remedies with respect to other aspects of the section and other provisions of the Act. See, e. g., §§ 32(d), 32(e), 32(f), 33, 34(e), 34(f), 34(i). It is not of moment that these provisions concerned direct judicial relief, and not court review of denials of administrative relief. The point is that in this Act, Congress was advertent to the role of courts, and an absence in any specific area of any kind of provision for judicial participation strongly indicates a legislative purpose that there be no such participation. Beyond this, the permissive terms in which the § 32 return provisions are drawn (*ante,* p. 667, 88 S.Ct. 1290) persuasively indicate that their administration was committed entirely to the discretionary judgment of the Executive branch 'without the intervention of the courts.' "

Various attempts to obtain judicial remedies under the Act, but not on the basis of Section 9(a), have been dismissed for lack of jurisdiction. See Bantel v. Brownell, 98 U.S.App.D.C. 257, 234 F.2d 692 (1956), which held that no injunctive or declaratory relief is available under the Act outside of Section 9(a); Pflueger v. United States, 73 U.S.App. D.C. 364, 121 F.2d 732, cert. denied 314 U.S. 617, 62 S.Ct. 98, 86 L.Ed. 497 (1941). See, also, United States v. Sutherland, 60 App.D.C. 279, 51 F.2d 607 (1931), cert. denied 284 U.S. 667, 52 S.Ct. 42, 76 L.Ed. 565, which held that mandamus does not lie under the Trading with the Enemy Act because of the exclusivity of the judicial remedy provided by Section 9(a) of that Act.

Consequently, this Court rules that it lacks subject matter jurisdiction over the claims of the plaintiffs in this case and that the defendants' motion to dismiss under Rule 12(b)(1), Federal Rules of Civil Procedure, must be allowed.

Because of the ruling that this Court lacks subject matter jurisdiction in the premises, the other issues sought to be raised herein are rendered moot, Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946), and no analysis of the merits of the additional issues is necessary.

Order accordingly.